BRYN BELLA LAND COMPANY, complainant-appellant,

*v.*

WILLIAM T. PURNELL et al., defendants-respondents.

[Submitted May term, 1927.   Decided October 17th, 1927.]

The court of chancery will not be reversed for refusing to exercise discretionary power to decree specific performance of a contract to sell land where the complainant refused to comply with a demand, under chancery rule No. 55, for a copy of the sales agreement and disregarded an opportunity to show justifying cause for such refusal.

On appeal from a decree of the court of chancery dismissing the bill advised by Vice-Chancellor Leaming.

*Messrs. Carr & Carroll,* for the complainant-appellant.

*Mr. Wilfred B. Wolcott,* for the defendants-respondents.

The opinion of the court was delivered by

WHITE, J.

The point in this appeal seems to us to be a very narrow one.   The bill alleged that an express contract to sell certain lands to complainant had been entered into and not carried out, and prayed a decree of specific performance against the vendor.   The bill did not say whether the contract was or was not in writing, and it did not set up any improvements made on the premises by the vendee upon the faith of the contract, nor any other matter which would make it a fraud by the vendor to refuse to carry out his contract, if, in fact, it was oral.   There was no copy of the sales agreement attached to the bill or recited verbatim therein, and written demand for the supplying of such a copy within five days

having been made in accordance with chancery rule 55, the demand was ignored. Thereupon, the respondent, after notice to the complainant, applied to the court of chancery for an order directing the furnishing of such copy under pain for failure so to do, of the dismissal of the bill. Complainant's counsel opposed this application, but the court made an order that within five days after service of a copy of the order upon him, the complainant should furnish the respondent with the copy of the agreement of sale referred to in the bill, if such agreement was in writing, and that in case of failure to furnish such a copy the bill should be dismissed unless good cause be shown for such failure. This order, having been duly served, was likewise ignored by the complainant, whereupon the court dismissed the bill. If, in fact, the contract was oral, complainant might have fully answered the rule to show cause order of the court by saying so, but for obvious reasons he preferred not to do this.

We think, therefore, that the narrow question here presented is, should this court reverse the court of chancery for refusing to exercise its discretionary power to decree specific performance of a contract for the sale of real estate, in a case where the suitor praying the relief asked, not only refused to comply with a pertinent and important rule of the court, but upon being given full opportunity and notice by the court to show justifying cause for such refusal, treated such opportunity and notice with silent, if not contemptuous, disregard?

We think it should not.

The decree is affirmed, with costs.

*For reversal*—None.